In the Matter of William **TAYLOR** and Geraldine Biedzinski, Debtor,

v.

**AMERICAN PROPERTY LOCATORS, INC.,** Appellant.

No. 98–1445.

Bankruptcy No. 85–01559DAS.

United States District Court, E.D. Pennsylvania.

May 18, 1998.

Roger V. Ashodian, Delaware County Legal Assistance Ass'n, Inc., Chester, PA, for Debtors.

Michael Bickford, Fuller, Tubb, Pomeroy, Kirschner, Bickford & Stokes, Oklahoma City, OK, for American Property Locators, Inc.

Ron B. Leppke, American Property Locators, Inc., Edmond, OK, for Movant.

Edward Sparkman, Philadelphia, PA, Chapter 13 Trustee.

Michael R. Stiles, U.S. Atty., Philadelphia, PA.

Virginia R. Powel, Asst. U.S. Atty., Philadelphia, PA.

Frederic Baker, Asst. U.S. Trustee, Philadelphia, PA.

## *ORDER*

VAN ANTWERPEN, District Judge.

 **AND NOW,** this 18th day of May, 1998, having considered the Brief of Appellant, APL Inc., filed April 3, 1998, it is hereby **ORDERED** that the Appellant's Appeal is **DENIED.**[1]

1. Our justification for this decision is, for the most part, in accordance with the Memorandum filed by the Bankruptcy Court Judge. 217 B.R. 465 (Bankr.E.D.Pa.1998). The Appellant admits that its Motion to Extend Time for Filing Notice of Appeal was not filed within the 10 day period mandated by Fed.R.Bankr.P. 8002. Instead, the Appellant argues that its delay in filing such a motion was the product of excusable neglect.

In re James NORTHRUP, Debtor.

James NORTHRUP, Plaintiff,

v.

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court interpreted the meaning of "excusable neglect" in the context of Fed.R.Bankr.P. 9006. The Court wrote, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.*, 507 U.S. at 388, 113 S.Ct. at 1495 (internal citations omitted). In *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873 (3d Cir.1997), the Third Circuit suggested that *Pioneer* should apply to Fed.R.Bankr.P. 8002.

We do not believe that the Appellant's delay in filing its motion for an extension constitutes excusable neglect. The Appellant focuses its efforts on explaining why the delay was caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances." *Pioneer, supra*. However, the Bankruptcy Court properly applied the *Pioneer* standard by recognizing that such factors only constitute excusable neglect "where appropriate." *Id.* This is not such a case.

Appellant's counsel claims to have received a copy of the order from which it seeks to appeal on January 26, 1998. This was the final day upon which the Appellant could have requested an extension of time in which to file an appeal. Such a motion is a simple document, involving minimal preparation. The Appellant suggests that it would be unreasonable to expect a weighty decision such as whether to file an appeal to be made on such short notice. The Appellant was never in this position. By filing a motion to extend time in which to file an appeal, Appellant's counsel would merely have preserved the option of filing an appeal for an additional ten days.

In addition, we are persuaded by the explanation of the Bankruptcy Judge that Appellant's counsel never entered a formal appearance in this case. The Appellant filed the original Application in this case *pro se*, and any dispatches that were sent to Appellant's counsel were gratuitous, and were not required. Therefore, the date upon which such dispatches were received by Appellant's counsel is irrelevant.

Finally, we note the fact that neither the Appellant nor Appellant's counsel officially notified the Bankruptcy Court of changes in address that took place late in 1997. While the alleged delay between the time that the order was sent and the time it was received is plausible, it was, also foreseeable and easily preventable. For this reason, and those set forth above, we concur with the opinion of the Bankruptcy Court. While the conduct of the Appellant and Appellant's counsel does qualify as neglect, for the purposes of Fed.R.Bankr.P. 8002, it cannot be characterized as excusable neglect.