**In re FEDERATED DEPARTMENT STORES, INC. and Allied Stores Corporation, et al., Debtors.**

**Bankruptcy No. 1–90–00130.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

June 23, 1998.

E. Hanlin Bavely, Cincinnati, OH, Michael A. Bickford, Oklahoma City, OK, for movants.

Kim Martin Lewis, Cincinnati, OH, Todd S. Swatsler, Columbus, OH, for debtors.

Frank Julian, Cincinnati, OH, Director, Tax Counsel.

### ORDER RE F.R.B.P.2019—
### 16 CLAIMANTS

BURTON PERLMAN, Bankruptcy Judge.

Sixteen identical motions entitled Motion to Compel Distribution from Reorganized Debtors Pursuant to Confirmed Plan of Reorganization, were filed in this court on behalf of 16 claimants: Robin L. Berger, Clyde R. Butler, Diane Daniels, Barbara Hatke, Thomas G. Herendeen, Jr., Christina M.

Whitmarsh, Ida M. Rowlett, Catherine Sartor, Henrietta T. Schoonmaker, Lisa Schwarz, Barry L. Seldin and Michael S. Seldin, Walter Sichel, Lillian Tillman, Edward Tomao, and David B. Zenoff ("the Sixteen"). An attorney of the Cincinnati Bar, Hanlin Bavely, filed each of the motions. Thereafter, a telephone status conference was held by the court, after which Pretrial Order (August 25, 1997), was issued. A subject dealt with in that Order was the sufficiency of the F.R.B.P.2019 statement which had been filed by counsel. The Order directed that an amended F.R.B.P.2019 statement should be filed. Supplemental Statement under Bankruptcy Rule 2019 then was filed August 28, 1997. That Statement was filed by two attorneys, E. Hanlin Bavely and Michael A. Bickford. In the Statement, Bickford disclosed that he is a shareholder of American Property Locators, Inc. ("APL"). The Statement also discloses, and attaches, a written agreement between APL and each of the Sixteen. In each agreement, APL undertakes to pursue the claim of each of the Sixteen in exchange for a certain percentage of the recovery. The amount provided for each of the Sixteen is not uniform, ranging from 25% to 50%. The Statement also includes the representation that there is no written agreement between the attorneys filing the motions and the Sixteen.

 Reorganized debtors then filed a memorandum on September 16, 1997, contending that the Supplemental 2019 Statement shows that the contracts between the Sixteen and APL violates state law for several reasons, including that the interest taken by APL exceeds statutorily imposed limits of the states. Additionally, reorganized debtors assert that it is improper for Bickford to represent the Sixteen because he has an ownership interest in APL, and this violates the Disciplinary Rules applicable in this court. A hearing was then held October 14, 1997, on the continuing F.R.B.P.2019 objections. On that date, the court then issued Second Pretrial Order Re 16 Motions to Compel Distribution (Seldin et al.). The Second Pretrial Order stated that the court reserved decision on the F.R.B.P.2019 issue, and directed the parties to proceed with preparation for trial on the issues between

them. The parties subsequently provided the court with letter status reports regarding discovery in the matter. We deal now with the reservations noted by reorganized debtors as to the adequacy of the Supplemental Statement under Bankruptcy Rule 2019.

LBR 2090–2 provides that "The Code of Professional Responsibility adopted by the Ohio Supreme Court ... applies in this court ...". A responsibility which we may not shirk is to make certain that there is compliance with the Disciplinary Rules. Reorganized debtors assert that Bickford's position is violative of D.R. 5–103. That Rule provides:

(A) [Champerty]. A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client, except that he may:

(1) Acquire a lien granted by law to secure his fee or expenses.

(2) Contract with a client for a reasonable contingent fee in a civil case.

Reorganized debtors call our attention to authority to the effect that an attorney is subject to discipline when he owns by assignment a proprietary interest in a claim filed by him. We observe also that while a Reply was filed to the memorandum of reorganized debtors regarding the Supplemental Statement under B.R.2019, it offers no help to the court in regard to the ethical question presented by the reorganized debtors.

After giving the matter due consideration, we hold that Bickford's appearance as an attorney in the case is not barred by D.R. 5–103. That Rule itself contains an exception for a contingent fee. Of course, Bickford does not himself have a contingent fee arrangement with the Sixteen. Instead, what amounts to a contingent fee arrangement is entered into between APL and each of the Sixteen. Bickford's interest is as an equity holder in APL. It follows that whatever interest Bickford has is based on a contingent fee arrangement, and it is for this reason that we can perceive no ethical violation on Bickford's part.

Reorganized debtors argue extensively that the contracts between the Sixteen and APL are illegal, principally because, accord-

ing to reorganized debtors, the percentage interest held by APL is beyond state law limits. APL responds that the contracts are not governed by state law.

■ We hold the objection by reorganized debtors on this score to be without merit. We perceive no basis by which reorganized debtors have standing to raise the question about the arrangement entered into by the parties to the contracts.

In connection with these objections, counsel for reorganized debtors have called our attention to *In re Taylor*, 220 B.R. 854, 1998 Bankr. LEXIS 19 (Bankr.E.D.Pa.1998). In that case, APL entered into an arrangement with a Chapter 13 debtor whose case had been closed, leaving some funds deposited in court to which the debtor had a claim. APL and the debtor had entered into a contract pursuant to which APL was to receive 50% of any recovery. The debtor in that case challenged the right of APL to receive the contract amount. The court agreed with the debtor, and reduced the amount to be taken by APL to 10% of the recovery. The case is obviously distinguishable from that before us because the debtor had clear standing, having an economic interest in how the recovered funds were to be distributed. That is not the case here, for there is no perceptible interest which the reorganized debtors can assert in how any recovery is distributed as between the Sixteen and APL.

The objections of reorganized debtors to the Supplemental Statement under Bankruptcy Rule 2019 are overruled.

So Ordered.